UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 22-592 FLA (KS)                                                                           Date: February 1, 2022

Title  *Bernard Brown, Jr. v. Marcus Pollard*

c

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson  |  N/A  |
| --- | --- |
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Petitioner: None          Attorneys Present for Respondent: None

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On January 25, 2022, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)[1]

**I.      Background**

Petitioner is in custody following a December 2018 conviction in the Los Angeles Superior Court on four counts of first degree residential burglary and one count of driving or taking a vehicle without the owner's consent. (*Id.* at 2.) The jury found true an allegation that another person other than an accomplice was present in the residence during one burglary, and Petitioner admitted one prior conviction for driving or taking a vehicle without consent. *People v. Brown*, No. B295442, 2020 WL 4931420, at *1 (Cal. Ct. App. Aug. 24, 2020). Petitioner also admitted two prior convictions that qualified as "strikes" under California's three strikes law, as well as prior serious felony convictions for purposes of another statutory enhancement. *Id.* On January 23, 2019, the trial court sentenced Petitioner to a term of 64 years to life in state prison. *Id.*

On direct appeal, Petitioner raised the following claims: (1) his convictions on **counts 4 and 5** for first degree residential burglary should be reduced to second degree burglary; (2) state law prohibited separate punishments for **counts 1, 4 and 5** (all residential first degree burglary charges); (3) trial counsel was ineffective for failing to raise his sentencing issues in the trial court; and (5) the evidence was insufficient to support the first degree burglary conviction in **count 5**.

---

[1]      For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-592 FLA (KS)                                           Date: February 1, 2022

Title   <u>Bernard Brown, Jr. v. Marcus Pollard</u>

*Id.* The California Court of Appeal granted Petitioner relief on his first claim, ordered Petitioner's judgment to be modified to reduce counts 4 and 5 from first to second degree burglary, and remanded to the state court for a full resentencing hearing. *Id.* at *2-4. The appellate court rejected Petitioner's remaining claims on the merits. *Id.* at 4-7. The California Supreme Court denied review of the California Court of Appeal's decision on October 28, 2020 (case no. S264621, *available at* http://appellatecases.courtinfo.ca.gov).[2]

Petitioner filed one state habeas petition in the California Court of Appeal. (Dkt. No. 1 at 188-254.) That petition was summarily denied on October 1, 2021 (case no. B314727, *available at* http://appellatecases.courtinfo.ca.gov). There is no record of a state habeas petition having been filed by Petitioner in the California Supreme Court.

Petitioner, in this Court, raises the following claims, none of which were raised in his direct appeal: (1) the evidence at trial was insufficient to support Petitioner's conviction of first degree residential burglary in **count 2**; (2) Petitioner's conviction on **count 2** was the result of an unduly suggestive identification; (3) Petitioner's trial counsel was ineffective for failing to zealously represent Petitioner as to **count 2**; (4) the prosecution knowingly presented false testimony in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959); and (5) cumulative error. (Dkt. No. 1 at 5-7.)

**II.     Legal Standard**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's

---

[2]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-592 FLA (KS)                                             Date: February 1, 2022

Title   *Bernard Brown, Jr. v. Marcus Pollard*

use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because the claims therein appear to be unexhausted. To discharge this Order and avoid dismissal, Petitioner, no later than March 2, 2022, must file a First Amended Petition showing that the claims raised are exhausted.**

### III. The Petition is Unexhausted

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Here, it appears that Petitioner has not presented his current claims to the state supreme court. He did not raise the claims in his direct appeal and there is no record of him filing any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-592 FLA (KS)             Date: February 1, 2022

Title   <u>Bernard Brown, Jr. v. Marcus Pollard</u>

habeas petition in the California Supreme Court. Consequently, the Petition is subject to dismissal as wholly unexhausted. *Rose*, 455 U.S. at 510, 521.[3]

    **IV.**    **Conclusion and Order**

In the interests of justice, **Petitioner is ORDERED TO SHOW CAUSE on or before March 3, 2022 why the Petition should not be dismissed** – that is, Petitioner must file, no later than **March 3, 2022**, a First Amended Petition for Writ of Habeas Corpus establishing that the claims therein are fully exhausted because Petitioner presented them to the California Supreme Court.

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.

**Alternatively,** if Petitioner no longer wishes to pursue this action, **he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition and a copy of the Central District's form Notice of Voluntary Dismissal.

    **IT IS SO ORDERED.**

                                                            **Initials of Preparer**  gr

---

[3] The Court also notes that nothing in the Petition or its attachments indicates that Petitioner has yet been resentenced upon remand. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (the AEDPA limitations period did not commence until both the petitioner's conviction and re-sentencing "became final by the conclusion of direct review or the expiration of the time for seeking such review.").